*TURNBULL* vs. *CEBRA & AL.*

APPEAL from the court of the sixth district.

MATHEWS, J. delivered the opinion of the court. This case differs in nothing from that of *Turnbull* vs. *Davis & al.* just now decided, except a renunciation in favor of the appellees of the tacit or legal mortgage of the appellant on the slave which was seized in execution.

We must, therefore, enquire into the validity of said renunciation. It is done by authentic act, in which the husband appeared and signed with his wife. The act was passed before Thomas C. Scott, parish judge of the parish of Rapides, but in this instance he must be considered as acting in his capacity of notary public, as the instrument has no resemblance to a judicial proceeding. A wife cannot alienate her paraphernal effects, or appear in a court of justice concerning them, without the authorisation of her husband; or on his refusal to give it, that of the judge—*Civil Code, 334, art. 68. Ante, 568.*

In cases, when the wife may legally act under authority from her husband; such authorisation may be finally presumed from the circumstance of his signature appearing to the

The authorisation of the husband does not necessarily result from the signature of the latter, to the act in which the wife relinquishes her tacit mortgage, when he himself enters into a covenant by the same act.

She must expressly mention the law the benefit of which she renounces.

same instrument by which the wife binds her-, self. But in those cases, it is the act of the wife sanctioned by the husband. In the present, the husband and wife both appear before the notary; make separate and distinct stipulations in their individual capacities: One promises to deliver a crop of cotton to the obligors in the contract; the other to remove or relinquish her tacit or legal mortgage on certain slaves specified in the act: the signature of the former may be considered solely in relation to his own promise, not in any manner affecting the account of his wife, and consequently no evidence of authorisation on his part. This view of the subject is taken as if the case presented a sale or other alienation by the wife, of her own property: but in reality it is different. It is an act by which she renounces certain privileges, accorded to women by law, to protect them against the folly and extravagance of their husbands.

The rights which she relinquishes, may be considered as latent; recognized, it is true, by law, but not supposed to be completely within the knowledge of the proprietor as is evidenced by the strict formalities under which such instruments are to be made, and the infor-

West'n District
Sept. 1823.

TURNBULL
vs.
CEBRA & AL.

mation required to be given by notaries who reduce them to writing. See, in support of this doctrine, 6 *Martin*, 577; wherein it appears that the renunciation of a wife to her tacit mortgage, must express the laws, the benefit of which she renounces; which is not done in the present case. In addition to this objection to the validity of the appellant's obligation, it is difficult to discover any consideration, which did or could result to her advantage. Upon the whole, we think the act void and of no effect, in relation to Mrs. Turnbull.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, reversed and avoided; and it is further ordered, adjudged and decreed, that the injunction, heretofore granted by said court, be re-instated in all its force; and that the same be made perpetual; and that the appellees pay costs in both courts.

*Oakley* for the plaintiff.